RAVIN v. SUBIN.

(Supreme Court, Appellate Term. April 16, 1900.)

VALUE—EVIDENCE.
    Testimony of a witness, who was clearly not qualified to testify as an expert on the subject, that "I could not tell you exactly; I think it was worth about $275,"—is not admissible on the value of goods.

Appeal from city court of New York, general term.

Action by Isaac Ravin against Jacob Subin. From a judgment of the general term of the city court (61 N. Y. Supp. 1104) affirming a judgment entered on a verdict rendered in said court for plaintiff, defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Louis Levy, for appellant.

Leon B. Ginsburg, for respondent.

PER CURIAM. The defendant is a city marshal, and had in his hands a warrant of attachment issued against one Aaronson, under which he made a levy upon certain goods, which, however, the plaintiff in this action claimed as his property. The defendant refused to recognize such claim, and this action was thereupon brought to recover damages as for a conversion. Upon the trial the jury rendered a verdict in favor of the plaintiff for the sum of $175. An appeal was taken from the judgment entered thereon to the general term of the city court, where the judgment was affirmed, and from such judgment of affirmance an appeal has been taken to this court.

The only proof of value with respect to the goods that had in any way been given when the plaintiff rested is found in the testimony of the plaintiff himself, who, when asked what such value was, said: "I could not tell you exactly. I think it was worth about $275." The record shows, however, that he was clearly not qualified as an expert to give any testimony whatsoever upon the subject. He states that before October 3, 1895, when the alleged conversion took place, he was a peddler of jewelry, and had not been in the grocery business before that time, but had had some experience

in that line in Europe. Counsel for the defendant properly objected to this proof, and, when it had been admitted over his objection, moved to strike it out. The defendant, as a part of his case, put on the witness stand a person who was clearly qualified to testify upon the question of value, who stated that the value of the property in question at the time of the levy was from $100 to $120, adding that it was the highest price. These two items of evidence constitute substantially all the proof that was offered upon the trial on this question. The trial justice, in his charge, called the attention of the jury to the testimony given by these two witnesses, stating that, if they believed the plaintiff should recover at all, it would be for them to say, "as between these figures of $100 and $275, what was the actual amount taken by the marshal, and for which sum he should recover." As the jury rendered a verdict for $175, it is obvious that they considered and were influenced by the estimate of value to which the plaintiff was allowed to testify over the objection of the defendant. The error, then, in the admission of this evidence, was obviously prejudicial to the defendant, and calls for a reversal of the judgment.

The disposition which we have made of the case renders it unnecessary to consider the other exceptions which have been discussed by counsel.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.